1

2

3

4

5

6

7                                            The Honorable Robert J. Bryan

8                  UNITED STATES DISTRICT COURT
                WESTERN DISTRICT OF WASHINGTON
9                        TACOMA DIVISION

10  COLUMBIA RIVERKEEPER, SIERRA          )
    CLUB, CENTER FOR BIOLOGICAL           )   No. 3:19-cv-06071-RJB
11  DIVERSITY, WASHINGTON                 )
    ENVIRONMENTAL COUNCIL, and            )   PLAINTIFFS' APPLICATION FOR AN
12  WASHINGTON PHYSICIANS FOR             )   AWARD OF ATTORNEYS' FEES AND
    SOCIAL RESPONSIBILITY,                )   EXPENSES UNDER THE EQUAL ACCESS
13                                        )   TO JUSTICE ACT
                     Plaintiffs,          )
14                                        )   NOTE ON MOTION CALENDAR:
    v.                                    )
15                                        )   Thursday, July 15, 2021
    UNITED STATES ARMY CORPS OF           )
16  ENGINEERS, and NATIONAL MARINE        )
    FISHERIES SERVICE,                    )
17                                        )
                     Defendants,          )
18                                        )
    and                                   )
19                                        )
    PORT OF KALAMA,                       )
20                                        )
                     Defendant-Intervenor.)
21                                        )
   _____)
22

23

24                         INTRODUCTION

25      Plaintiffs Columbia Riverkeeper, Sierra Club, Center for Biological Diversity,

26  Washington Environmental Council, and Washington Physicians for Social Responsibility

27

28  PLAINTIFFS' APPLICATION FOR ATTORNEYS' FEES AND        *Earthjustice*
    COSTS - NO. 3:19-CV-06071-RJB                          *810 Third Ave., Suite 610*
                              - 1 -                        *Seattle, WA 98104*
                                                           *(206) 343-7340*

("Plaintiffs") hereby apply for an award of attorneys' fees, costs, and other expenses under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), in the total amount of $187,770.45. Plaintiffs are prevailing parties; the Court's summary judgment order granted the precise relief Plaintiffs sought; and the federal defendant's position was not substantially justified. The Parties are filing concurrently a stipulation to defer further proceedings on this fee application to allow the parties to explore whether the application can be settled without further litigation.

ARGUMENT

I.   PLAINTIFFS' APPLICATION FOR FEES IS TIMELY.

Plaintiffs' application for attorneys' fees is timely. Ninth Cir. Rule 39-1.6(b)(3). Plaintiffs seek fees under EAJA. Under EAJA, "applications for awards of attorneys' fees must be filed 'within 30 days of final judgment.'" *Al-Harbi v. INS*, 284 F.3d 1080, 1082 (9th Cir. 2002) (quoting 28 U.S.C. § 2412(d)(1)(B)). The EAJA "clock" begins to run only after the time to appeal the judgment has expired for all parties. *Melkonyan v. Sullivan*, 501 U.S. 89, 96 (1991). The Ninth Circuit Court of Appeals issued its Order granting appellants' unopposed motion to dismiss their appeals on June 16, 2021. *Columbia Riverkeeper v. United States Army Corp of Engineers*, Case No. 21-35053, Order Dismissing Appeal (ECF No. 17) (Jun. 16, 2021). The 30-day EAJA filing period runs until July 16, 2021. Accordingly, Plaintiffs have timely filed their application for attorneys' fees.

II.  PLAINTIFFS ARE PREVAILING PARTIES IN THE LAWSUIT.

Under EAJA, a court shall award fees and costs to a prevailing party unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust. *See Al-Harbi*, 284 F.3d at 1084. Notably, "[a] party need not succeed on every claim in order to prevail. Rather, a plaintiff prevails if she has succeeded on any significant issue in litigation which achieved some of the benefit she sought in bringing suit." *Carbonell v. Immigration & Naturalization Serv.*, 429 F.3d 894, 900 (9th Cir. 2005); *see*

PLAINTIFFS' APPLICATION FOR ATTORNEYS' FEES AND
COSTS - NO. 3:19-CV-06071-RJB
- 2 -

*Earthjustice*
*810 Third Ave., Suite 610*
*Seattle, WA  98104*
*(206) 343-7340*

*also J.D. v. Kanawha Cty. Bd. of Educ.*, 571 F.3d 381, 387 (4th Cir. 2009) (a party need not prevail on every issue or even the most central issue in a proceeding to be considered a prevailing party) (internal quotations omitted).

There can be no dispute that Plaintiffs prevailed in the lawsuit. Plaintiffs' National Environmental Policy Act (NEPA), Clean Water Act (CWA), and Rivers and Harbors Act (RHA) claims were wholly successful. *Columbia Riverkeeper v. U. S. Army Corp of Eng'rs*, No. 19-6071 RJB, 2020 WL 6874871, at *10 (W.D. Wash. Nov. 23, 2020). More importantly, this Court vacated the Army Corps' CWA and RHA permits—the exact relief Plaintiffs sought—and remanded the permits to the Corps to prepare an Environmental Impact Statement ("EIS") and reassess the public interest in the project at issue. *Id.* Because the Court granted Plaintiffs' motion for summary judgment and required the relief that Plaintiffs sought, Plaintiffs are prevailing parties.

III.   THE ARMY CORPS CANNOT SHOW THAT ITS POSITION WAS SUBSTANTIALLY JUSTIFIED.

To defeat an award of fees, the defendant agency has the burden of proving that its position was clearly reasonable. *Williams v. Bowen*, 966 F.2d 1259, 1261 (9th Cir. 1991); *Int'l Woodworkers of Am., AFL-CIO v. Donovan*, 769 F.2d 1388, 1390 (9th Cir. 1985). Under EAJA, a federal agency can defeat a fee award only if it can prove that its position both prior to and during the litigation was substantially justified. *Rawlings v. Heckler*, 725 F.2d 1192, 1196 (9th Cir. 1984).

Here, the Court's Opinion and Order on cross-motions for summary judgment held that the Corps' NEPA, CWA, and RHA analyses were arbitrary, capricious, and contrary to law. The Court found that the Corps "arbitrarily declined to consider reasonably foreseeable indirect cumulative effects of the Project's greenhouse gas emissions." *Columbia Riverkeeper*, 2020 WL 6874871, at *4. The Corps likewise "failed to reconcile conflicting evidence in the record" showing a reasonable likelihood of expanding the existing regional gas pipeline system, and

*Earthjustice*
*810 Third Ave., Suite 610*
*Seattle, WA  98104*
*(206) 343-7340*

relied on an incomplete state EIS rather than wait for a finalized state EIS or complete its own. *Id.* at *5–6.  The Corps also failed to fully consider the project's costs to the public under the CWA and RHA.  *Id.* at *7.  Under these circumstances, the Corps cannot demonstrate that its position was substantially justified.[1]

IV.     PLAINTIFFS ARE ELIGIBLE FOR AN EAJA AWARD.

All but one of the plaintiff organizations in this case meet the eligibility requirements for an award of fees and costs under EAJA.  All Plaintiffs are exempt from taxation under § 501(c)(3) of the Internal Revenue Code, and, except for the Sierra Club, no Petitioner has more than 500 employees.  Three petitioners have fewer than 40 employees.  Accordingly, Petitioners satisfy the EAJA party eligibility requirements for an award of fees and costs.  *See* 28 U.S.C. § 2412(d)(2)(B).

The participation of plaintiff Sierra Club does not alter the availability of a fee award under EAJA because the remaining plaintiffs would have pursued the case even without the participation of the Club.  *Wash. Dep't of Wildlife v. Stubblefield*, 739 F. Supp. 1428, 1431–32 (W.D. Wash. 1989) (awarding fees despite participation of ineligible Plaintiff because remaining Plaintiffs would have pursued the case anyway); *see also U.S. v. 27.09 Acres of Land*, 43 F.3d 769, 774–75 (2d Cir. 1994); *Am. Ass'n of Retired Persons v. E.E.O.C.*, 873 F.2d 402, 406–07 (D.C. Cir. 1989).

V.      PLAINTIFFS ARE ENTITLED TO ENHANCED ATTORNEY RATES.

While EAJA sets a base rate of $125 per hour, it also provides that a court may award higher rates if it "determines that an increase in the cost of living or a special factor … justifies a higher fee."  28 U.S.C. § 2412(d)(2)(A).

---

[1] The Corps and Intervenor Defendant Port of Kalama filed appeals from this decision following the Court's entry of an Order of Remand, but voluntarily dismissed these appeals on June 16, 2021.  *See Columbia Riverkeeper*, Case No. 21-35053, Order Dismissing Appeal (ECF No. 17) (June 16, 2021).

PLAINTIFFS' APPLICATION FOR ATTORNEYS' FEES AND
COSTS - NO. 3:19-CV-06071-RJB

*Earthjustice*
*810 Third Ave., Suite 610*
*Seattle, WA  98104*
*(206) 343-7340*

Plaintiffs are entitled to enhanced rates for its attorneys' time because of their unique and specialized expertise in environmental litigation, as well as the limited availability of qualified environmental litigators for this type of proceeding. Under *Pierce v. Underwood*, reimbursement above the EAJA rate is allowed where an attorney is "'qualified for the proceedings' in some specialized sense." 487 U.S. 552, 572 (1988). In other words, courts compensate attorneys for "having some distinctive knowledge or specialized skill needful for the litigation in question—as opposed to an extraordinary level of the general lawyerly knowledge and ability useful in litigation. Examples of the former would be an identifiable practice specialty such as patent law, or knowledge of foreign law or language." *Id.*

The Ninth Circuit has expressly recognized federal environmental law as a specialized practice area warranting fee enhancements under EAJA. *See Love v. Reilly*, 924 F.2d 1492, 1496 (9th Cir. 1991) ("Environmental litigation is an identifiable practice specialty that requires distinctive knowledge."). Indeed, courts in this circuit have recently granted Earthjustice attorneys fee enhancements for their special expertise in environmental law. *See, e.g., Pollinator Stewardship Council v. U.S. EPA*, No. 13-72346, 2017 WL 3096105 (9th Cir. June 27, 2017) (awarding EAJA fees at rate of $700 per hour for a 1986 law school graduate); *see also Pineros y Campesinos Unidos del Noroests v. Pruitt*, No. 17-CV-03434-JSW (LB), 2018 WL 6613830, at *6 (N.D. Cal. Oct. 16, 2018), (awarding Earthjustice attorneys EAJA fees at hourly market rates of $750 for a 1988 law school graduate and $650 for a 1993 law school graduate); *Withey v. FBI*, 2021 WL 2646480 (June 28, 2021, W.D. Wa.) (awarding attorney fees in FOIA case in Seattle at hourly market rates of $450 for 1976 law school graduate and $350 for 2011 law school graduate). In *Washington Department of Wildlife v. Stubblefield*, 739 F. Supp. 1428, 1433 (W.D. Wash. 1989), the district court awarded fees at an enhanced rate, observing that "[t]he Sierra Club Legal Defense Fund [former name of Earthjustice] engages entirely in public interest environmental litigation, a discrete, specialized field of practice." As that court noted, the

PLAINTIFFS' APPLICATION FOR ATTORNEYS' FEES AND
COSTS - NO. 3:19-CV-06071-RJB

*Earthjustice*
*810 Third Ave., Suite 610*
*Seattle, WA  98104*
*(206) 343-7340*

1 combination of substantive legal knowledge and litigation expertise is found almost exclusively

2 in public interest law firms like Earthjustice.  *Id.* at 1432; *see also Pollinator Stewardship*

3 *Council*, 2017 WL 3096105 at * 4.

4      Plaintiffs' attorneys have extensive environmental litigation expertise, including under

5 the Administrative Procedure Act, NEPA, and CWA/RHA.  Kristen Boyles is a 1991 law school

6 graduate who has specialized in environmental and administrative law since 1993, after her

7 Ninth Circuit clerkship.  Paulo Palugod is a 2010 law school graduate who bore primary

8 responsibility for researching and prosecuting all claims in this case.  He has specialized in

9 environmental litigation—including under NEPA and CWA—at the U.S. Department of Justice

10 Environment and Natural Resources Division and the White House Council on Environmental

11 Quality from 2010 to 2017, and at Earthjustice since 2018.  Expertise in the federal statutory

12 scheme, regulatory processes, and scientific basis for the Corps' permitting decisions is time-

13 consuming to acquire and not generally available.  In light of this special factor, Plaintiffs seek

14 reimbursement for Ms. Boyles and Mr. Palugod at market rates.  A litigating attorney with Ms.

15 Boyles' experience and expertise would charge $550 per hour or more at Seattle law firms.  An

16 attorney with Mr. Palugod's experience would charge $350 per hour or more.

17 VI.   THE HOURS FOR WHICH REIMBURSEMENT ARE SOUGHT ARE
18         APPROPRIATE.

19      Plaintiffs derived the hours for which reimbursement is sought from the

20 contemporaneous time records of the attorneys after eliminating time for arguably non-

21 compensable tasks and exercising billing judgment over the number of hours for which fees are

22 sought.  A summary of the time for each attorney is set out below.  The hours for which

23 reimbursement is sought are reasonable considering the nature and extent of the proceedings in

24 this case.  As summarized below, the fees Plaintiffs seeks for this case total $187,770.45.

PLAINTIFFS' APPLICATION FOR ATTORNEYS' FEES AND
COSTS - NO. 3:19-CV-06071-RJB
- 6 -

*Earthjustice*
*810 Third Ave., Suite 610*
*Seattle, WA  98104*
*(206) 343-7340*

| Columbia Riverkeeper v. Army Corps, 3:19−cv−06071−RJB | | | |
|---|---|---|---|
| Name | Total Hours | Rate | Fees Incurred |
| Paulo Palugod | 388.8 | $ 350.00 | $ 136,080 |
| Kristen L. Boyles | 80.1 | $ 550.00 | $ 44,055 |
| Law Clerks | 54.1 | $ 125.00 | $ 6,762.50 |
| Reimbursable Costs | | | $ 872.95 |
| **Totals** | | | **$ 187,770.45** |

The total attorney time for which Plaintiffs seeks compensation reflects a substantial reduction in the hours spent and recorded for this case.  In fact, in the exercise of reasonable billing judgment, Plaintiffs removed over 20% recorded attorney time.

CONCLUSION

Plaintiffs seeks an award of attorneys' fees and costs under EAJA in the total amount of $187,770.45.

DATED: July 15, 2021.                    Respectfully Submitted,

*/s/ Paulo Palugod*
PAULO PALUGOD, WSBA #55822
KRISTEN L. BOYLES, WSBA #23806
Earthjustice
810 Third Avenue, Suite 610
Seattle, WA  98104-1645
(206) 343-7340
ppalugod@earthjustice.org
kboyles@earthjustice.org

*Attorneys for Plaintiffs*

PLAINTIFFS' APPLICATION FOR ATTORNEYS' FEES AND
COSTS - NO. 3:19-CV-06071-RJB

*Earthjustice*
*810 Third Ave., Suite 610*
*Seattle, WA  98104*
*(206) 343-7340*

- 7 -

1

**CERTIFICATE OF SERVICE**

2        I hereby certify that the foregoing was electronically filed with the Clerk of the Court on

3  July 15, 2021, using the Court's electronic filing system, which will send notification of said

4  filing to the attorneys of record that have, as required, registered with the Court's system.

5

6

7                                    */s/ Paulo Palugod*
                                   PAULO PALUGOD

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28  PLAINTIFFS' APPLICATION FOR ATTORNEYS' FEES AND
    COSTS - NO. 3:19-CV-06071-RJB

*Earthjustice*
*810 Third Ave., Suite 610*
*Seattle, WA  98104*
*(206) 343-7340*